IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN T. BOYER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5638 |
| | : | |
| VICTORIA SOROKIN, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                               **OCTOBER 11, 2022**

      Plaintiff John T. Boyer, a pretrial detainee currently incarcerated at the Curran Fromhold Correctional Facility, has filed a *pro se* Amended Complaint asserting civil rights claims pursuant to 42 U.S.C. § 1983.[1] ("Am. Compl.") (ECF No. 4.) Boyer has also filed a Motion for Leave to Proceed *in Forma Pauperis* together with an inmate account statement. (ECF Nos. 6, 7.) For the following reasons, Boyer will be granted leave to proceed *in forma pauperis* and his claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Boyer will be granted leave to file a second amended complaint.

**I.     FACTUAL ALLEGATIONS**[2]

      Boyer asserts claims against the following Defendants: Victoria Sorokin, Rachel Farnin, Bill Ginley, and Danielle Thompson.[3] (Am. Compl. at 2.) He alleges that they are associated

---

[1] Boyer's original pleading did not satisfy Rules 8 or 10 of the Federal Rules of Civil Procedure, and he was granted leave to file an amended complaint in order to proceed with this case. (*See* ECF Nos. 1, 3.) Boyer filed an Amended Complaint in accordance with the Court's Order and the Amended Complaint is now the operative pleading.

[2] The allegations set forth in this Memorandum are taken from Boyer's Amended Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Boyer refers to other individuals in the Amended Complaint, including Detective Moore and Detective Poole (Am. Compl. at 12), Dr. Hollena (*id.*), Detective King and Detective Davis (*id.*

with Presbyterian Medical Center of Philadelphia. (*Id.*) He alleges that Sorokin is a Pathologist and Associate Medical Examiner, Farnin is a Medical Examiner, Ginley is the "G.O.L of the Medical Examiner," and Thompson is the Reviewer of Examiner. (*Id.* at 2-3.)

Boyer completed the Court's form Complaint for a prisoner asserting a civil rights claim and supplemented the completed form with several handwritten pages. His pleading is unclear at best. According to the form Amended Complaint, Boyer is asserting a § 1983 claim arising from "civil rights/self defense doctrine." (*Id.* at 3.) He alleges that he was under attack by a friend and protected himself and his family by stabbing the friend. (*Id.* at 5.) Boyer alleges that he is currently incarcerated for his actions. (*Id.*) He claims that he and his wife were forced to leave their home with their children after he killed his attacker, and that the home was subsequently vandalized. (*Id.*)

The handwritten supplement to the form Amended Complaint appears to recount medical information related to the decedent, identified by Boyer as Darrell Robinson, Jr. including information from Robinson's death certificate. He alleges that Defendant Farnin pronounced Robinson dead, (*id.* at 14), and appears to allege that Defendant Sorokin signed the death certificate, (*id.*) He further alleges that Defendant Ginley provided some type of report, which was reviewed by Defendant Thompson. (*Id.* at 15.) Boyer alleges that during an October 6, 2020 telephone conference, Defendant Ginley received or provided information regarding organ donation in advance of Robinson's death. (*Id.* at 16.) He alleges that Defendant Farnon pronounced Robinson dead on October 7, 2020. (*Id.*) The remaining handwritten pages describe medical care provided to Robinson prior to his death. (*Id.* at 16-21.)

---

at 13), and Investigator Robert O'Neal (*id.* at 15). It is unclear whether Boyer intended to assert claims against these individuals. If he so intended, he may include them in his second amended complaint.

Boyer does not describe the relief he seeks.  The Court notes that the original Complaint requested an investigation into the manner of Robinson's death.  (*See* ECF No. 1.)

## II.     STANDARD OF REVIEW

Because Boyer appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Boyer is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[4] Although this case was originally filed on December 21, 2021, Boyer did not file his motion to proceed *in forma pauperis* and his institutional account statement until July 1, 2022, causing significant delay in the screening of his Amended Complaint.  Because Boyer is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

### III. DISCUSSION

Construed liberally, the Court understands Boyer to be seeking information regarding the death of the man he is accused of killing. The nature of the claims against the named Defendants is unclear. However, Boyer alleges that his civil rights have been violated and the Court understands him to be asserting violations of one or more of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004). Boyer's claims are not plausible because none of the named Defendants is alleged to have been a state actor or acting under color of state law. Rather, the Defendants appear to be private citizens employed by Presbyterian Medical Center in Philadelphia. (Am. Compl. at 2.). Boyer's claims will be dismissed; however, because the Court cannot state that he will never be able to state plausible § 1983 claims against the named Defendants, he will be granted leave to amend his claims to attempt to cure the defects the Court has identified.

### IV. CONCLUSION

For the reasons stated, Boyer's application for leave to proceed *in forma pauperis* will be granted and his Amended Complaint will be dismissed without prejudice pursuant to

§ 1915(e)(2)(B)(ii).  Boyer will be granted leave to file a second amended complaint.  An appropriate Order follows.

                                              **BY THE COURT:**

                                        */s/ John M. Gallagher*
                                        **JOHN M. GALLAGHER, J.**